J. GRADNIGO, f. m. c., *v.* J. M. MOORE, Curator.

The service of citation by one who is Sheriff *de facto*, and with color of office, is good.

A party litigant cannot collaterally except to such a service, on the ground that the acting Sheriff is not Sheriff *de jure.*

APPEAL from the District Court of St. Landry, *Dupre*, J.

*T. H. Lewis & Porter*, for plaintiff and appellant. *J. M. Moore*, for defendant.

SPOFFORD, J. This suit was brought to destitute an administrator of his office, upon the ground that he had left the State without rendering an account of his administration of the succession, and without appointing an attorney in fact to represent him in his absence, according to law.

The appellant was appointed curator *ad hoc* to represent the absent defendant; he excepted to the suit, and objected to answering upon the ground that the citation was not legally served upon him. His objection to the service is that *Jean Baptiste David* (whose deputy made the return) had no right at the time, to exercise any function of his office as Sheriff, because he had failed to give the security required by law, for the collection of taxes, or the discharge of his duties as Sheriff, and because he was a defaulter to the State.

The District Judge very properly overruled the exception.

The capacity of Sheriffs duly commissioned to exercise the duties of their office, is not to be brought in question by third persons, in this collateral manner; nor are the rights of litigants to be made to depend upon a possible future controversy between the State and one of its officers.

For the determination of this cause, it is enough for us to know that *Jean Baptiste David* was, at the time his deputy served the citation, *de facto* Sheriff of St. Landry, under color of title; it would not vitiate the service, as between these parties, though it should ultimately turn out that *David* was not Sheriff *de jure. Dorsey* v. *Vaughn*, 5 An. 156; *Beard* v. *Gresham*, Ib. 161; *The State* v. *Gilbert*, 10 An. ——; *McKinsty* v. *Tanner*, 9 Johnson, 135; *Citizens' Bank* v. *Bry*, 3 An. 633; *The People* v. *Collins*, 7 Johnson, 549.

This is the only point presented for our solution by the appellant's brief.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.